UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
B.S.,

                            Plaintiff,                                  22-cv-9738 (PKC)

        -against-                                  OPINION AND
                                                                           ORDER

WILLIAM JOYCE, et al.,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Petitioner B.S. has been detained in connection with Immigration and Customs Enforcement ("ICE") removal proceedings. At a bond hearing, an immigration judge placed the burden on B.S. to prove that he was neither a flight risk nor a danger to the community. The immigration judge found that B.S. failed to establish he was not a danger to the community and denied bond. B.S. filed a petition for a writ of habeas corpus arguing that placing the burden of proof upon him at the bond hearing was a violation of his constitutional due process rights. (ECF 1, hereinafter "Petition"). For the reasons described below, the Court concludes that the burden allocation at B.S.'s initial bond hearing violated his due process rights, and that B.S. is entitled to a constitutionally adequate bond hearing.

BACKGROUND

        B.S. fled Guatemala in 2020 to seek protection in the United States. (Petition ¶ 17.) After arriving in the United States, he worked as a landscaper on Long Island until he was arrested on August 9, 2021. (Id. ¶¶ 20-21.) He was convicted of a misdemeanor and served a sentence of several months. (Id. ¶ 21.) On the day of his scheduled release, he was taken into

ICE custody.  (Id.)  B.S. has been detained by ICE pursuant to 8 U.S.C. § 1226(a) since December 23, 2021.  (Id. ¶ 22.)  B.S. first appeared, pro se, before an immigration judge on or about December 27, 2021.  (Id. ¶ 23.)  He retained The Bronx Defenders as pro bono counsel on January 6, 2022.[1]

Upon request of The Bronx Defenders, B.S. received a psychological and cognitive evaluation and a competency hearing.  (Id. ¶¶ 26, 31.)  The psychological evaluation stated that B.S. met diagnostic criteria for Posttraumatic Stress Disorder, Major Depressive Disorder, and Mild Neurocognitive Disorder, and that B.S. is at severe risk for suicide.  (Id. ¶ 32.)  At the competency hearing, the immigration judge accepted the expert's finding that "B.S. displayed moderate impairments in his ability to consult with counsel and to examine and present evidence," but did not make an explicit determination with respect to competency.  (Id. ¶ 34.)  Several safeguards were implemented, such as "required use of brief and simple vocabulary" and "taking frequent breaks."[2]  (Id.)

On April 15, 2022, counsel for B.S. filed applications for relief from removal "based on his fear of torture by transnational criminal gangs and state actors in Guatemala" and a motion to terminate proceedings on the ground that ICE had not met its burden of proof with respect to removability.  (Id. ¶ 33.)  The motion to terminate and a subsequent supplemental motion to terminate were both denied on May 25, 2022.  (Id.)

A hearing on the merits of B.S.'s applications was held on August 5, 2022.  (Id. ¶ 37.)  B.S. testified to the harm he would face if returned to Guatemala and an expert testified to the conditions in Guatemala related to B.S.'s fear of deportation.  (Id.)  The immigration judge

---

[1] The Bronx Defenders later withdrew and referred the case to the Legal Aid Society, which currently represents B.S. in this proceeding and in his removal proceedings.  (ECF 29 ¶¶ 1-2.)
[2] The immigration judge later stated, at the merits hearing on August 5, 2022, that B.S. was competent to proceed with the agreed upon safeguards.  (Petition 1, Ex. A ¶ 24.)

ultimately ordered B.S.'s removal and denied his application for deferral of removal under the Convention Against Torture. (ECF 29 ¶ 3.) B.S. appealed the decision, and his appeal remains pending. (Id. ¶¶ 3-5.)

Meanwhile, on August 8, 2022, B.S. filed a request for a custody redetermination hearing, known as a "bond hearing." (Petition ¶ 41.) The bond hearing took place on August 16, 2022. (Id. ¶ 44.) At the hearing, the immigration judge placed the burden on B.S. to prove that he was neither a flight risk nor a danger to the community, and denied bond based on a finding that B.S. failed to establish he was not a danger to the community. (Id. ¶ 44, Ex. E.) B.S. did not appeal the bond decision to the Board of Immigration Appeals ("BIA"). (Id. ¶ 44.)

B.S. filed his Petition on November 15, 2022. The Petition asserts that the burden allocation at B.S.'s bond hearing violated his due process rights because (1) he never had a constitutionally adequate bond hearing that justifies his detention, and (2) he has been subject to "prolonged detention." (Id. ¶ 84.) The Petition argues B.S. is entitled to a constitutionally adequate bond hearing where the burden is on the government to justify his detention by clear and convincing evidence. (Id.) He further urges that the hearing must include "additional procedural protections, specifically consideration of an individual's ability to pay and alternative[] conditions of release," in order to satisfy due process. (Id. ¶¶ 71, 84.) The Petition also argues that placing the burden on the noncitizen violates the Administrative Procedures Act ("APA") because the BIA decision that established the burden allocation is arbitrary and capricious. (Id. ¶¶ 92-96.)

DISCUSSION

I. <u>B.S.'s Failure to Appeal His Adverse Bond Decision Is Excused.</u>

"Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'" <u>Howell v. I.N.S.</u>, 72 F.3d 288, 291 (2d Cir. 1995) (quoting <u>Guitard v. U.S. Secretary of Navy</u>, 967 F.2d 737, 740 (2d Cir. 1992)).  As "[t]here is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus," the exhaustion requirement in immigration detention cases is a judicially-created prudential standard.  <u>Joseph v. Decker</u>, 18-Civ-2640, 2018 WL 6075067, at *5 (S.D.N.Y. Nov. 21, 2018) (quoting <u>Nativi v. Shanahan</u>, 16-Civ-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017)); <u>see also</u> <u>Beharry v. Ashcroft</u>, 329 F.3d 51, 62 (2d Cir. 2003).  Failure to exhaust administrative remedies may be excused "when such exhaustion would be futile or where the agency has predetermined the issue before it." <u>Rosenthal v. Killian</u>, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (quoting <u>Garcia v. Shanahan</u>, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)); <u>see also</u> <u>Beharry</u>, 329 F.3d at 62.

It is undisputed that B.S. did not appeal the immigration judge's bond decision to the BIA.  The government argues that B.S.'s failure to exhaust his administrative remedies should not be excused.  It urges that an appeal to the BIA would not be futile for two reasons – both are unpersuasive.  First, it asserts that B.S. could have raised other, non-constitutional arguments that the BIA should be allowed to address in the first instance, and which could have mooted this case.  (ECF 17 at 21.)  As Petitioner points out, this argument is based on "hypothetical errors" and is "entirely speculative."  (<u>See</u> ECF 30 at 11.)  Moreover, the cases cited by the government do not support its position.  <u>See</u> <u>Cepeda v. Shanahan</u>, 15-Civ-9446,

4

2016 WL 3144394 (S.D.N.Y. Apr. 22, 2016) (petitioner challenged standard of proof – not burden allocation – at bond hearing, and the court determined it was "premature" to reach the constitutional question because petitioner's appeal to the BIA was pending); United States v. Gonzalez-Roque, 301 F.3d 39, 48 (2d Cir. 2002) (noting the BIA "can address procedural defects in deportation proceedings" and concluding that petitioner could not "evade BIA review" by labelling his "essentially procedural" claim as a due process claim; petitioner did not challenge burden allocation); Monterosa v. Decker, 20-Civ-2653, 2020 WL 1847771 (S.D.N.Y. April 11, 2020) (petitioner's appeal was pending and counsel conceded that "the administrative process ultimately could award [p]etitioner the relief he seeks"); Torres v. Decker, 18-Civ-10026, 2018 WL 6649609 (S.D.N.Y. Dec. 19, 2018) (petitioner had a pending appeal to the BIA in which he asserted a non-constitutional argument).

Second, the government argues that B.S. "provides no argument for why the burden allocation adopted by the BIA would preclude it from finding in his favor." (ECF 17 at 21.) The government appears to suggest that B.S. should argue on appeal that he did in fact meet his burden to establish he is not a flight risk or danger to the community. (Id. at 21-22.) It asserts that a claim is not futile simply because it has a low likelihood of success. But B.S. raises a due process challenge to the burden allocation at his bond hearing. The BIA does not have jurisdiction to consider this constitutional claim, and the government's assertion that any constitutional issues "could have been mooted" fails for the reasons already explained. See Velasco Lopez v. Decker, 19-Civ-2912, 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019), aff'd, 978 F.3d 842 (2d Cir. 2020). "If this Court does not hear his claim, no one will." Garcia v. Decker, 448 F. Supp. 3d 297, 307 (S.D.N.Y. 2020) (noting that, under different circumstances

5

"where a petitioner was pursuing an ongoing BIA appeal or where such an appeal was available," a court choose to "stay the case until the administrative process was compete").

The government acknowledges that the BIA places the burden of proof on the noncitizen at section 1226(a) bond hearings.  (See ECF 17 at 21.)  The BIA has given no indication of an intention to alter this standard.  Therefore, any appeal to the BIA challenging the burden allocation at B.S.'s bond hearing would be denied.  The outcome of such an appeal has been predetermined by the BIA's adherence to its stated legal interpretation on the appropriate allocation of the burden of proof.  Forcing B.S. to endure a lengthy appeal process, the outcome of which is already known, would be an exercise in futility.

Courts in this District, including the undersigned, have repeatedly excused exhaustion where a petitioner challenges the burden allocation at a section 1226(a) bond hearing, over similar arguments from the government.  See, e.g., Rodriguez v. Decker, 20-Civ-4118 (PKC), 2020 WL 3618990, at *2 (S.D.N.Y. June 30, 2020); Gonzalez Evangelista v. Decker, 20-Civ-8758, 2021 WL 101201, at *2 (S.D.N.Y. Jan. 12, 2021); Garcia v. Decker, 448 F. Supp. 3d 297, 307-08 (S.D.N.Y. 2020); Joseph v. Decker, 18-Civ-2640, 2018 WL 6075067, at *6 (S.D.N.Y. Nov. 21, 2018); Brevil v. Jones, 17-Civ-1529, 2018 WL 5993731, at *3 (S.D.N.Y. Nov. 14, 2018).  The government cites this Court's decision in Rodriguez but fails to explain why the Court should now depart from it.

Accordingly, the Court concludes that B.S.'s failure to exhaust his administrative remedies is excused.

II. B.S. Is Entitled to a Constitutionally Adequate Bond Hearing.

Until October 2020, the "overwhelming consensus of judges in this District" was that in order to detain a noncitizen pursuant to section 1226(a), the Due Process Clause of the

Fifth Amendment "requires the Government to bear the burden of proving, by clear and convincing evidence, that the noncitizen poses a risk of flight or danger to the community." See Quintanilla v. Decker, 21-Civ-417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (collecting cases).

In October 2020, the Second Circuit decided Velasco Lopez v. Decker, 978 F.3d 842 (2d Cir. 2020). In that case, Velasco Lopez, a noncitizen, was detained by ICE for fifteen months. At his initial bond hearing, the immigration judge placed the burden on him to justify his release. When Velasco Lopez was unable to meet the burden of proof placed upon him, the immigration judge denied his bail application. Id. at 847. Velasco Lopez was given a second bond hearing, based on "changed circumstances," where he was once again required to show that he was neither a flight risk nor dangerous. Id. The immigration judge again denied bail. Id. Velasco Lopez then filed a petition for a writ of habeas corpus challenging the procedures at his bond hearings on due process grounds. Id. at 847-48.

The question before the Second Circuit was "whether Velasco Lopez's ongoing incarceration posed due process concerns at the time of his habeas filing and whether additional procedural protections then became necessary." Id. at 851. The Circuit analyzed the issue under the three-factor balancing test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), and held that the "Velasco Lopez's prolonged incarceration, which had continued for fifteen months without an end in sight or a determination that he was a danger or flight risk, violated due process." Id. at 855. It further concluded that "the district court appropriately addressed the violation by ordering a new hearing at which the Government was called upon to justify continued detention." Id.

The government here argues that Velasco Lopez "confirms that due process does not require the burden to always be placed on the government at a § 1226(a) bond hearing," and, in turn, that "placing the burden of proof on the foreign national . . . comports with due process." (ECF 17 at 24-25.)  The Second Circuit's decision does not support this interpretation.

The Circuit did not hold that due process requires the burden always be placed on the government, but it also did not hold that placing the burden on the noncitizen "comports with due process."  Rather, it explained that the particular case before it did "not require [it] to establish a bright-line rule for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden."  Velasco Lopez, 978 F.3d at 855 n.13.  Given "Velasco Lopez's fifteen-month incarceration without a determination that his continued incarceration was justified," the Court determined that his detention violated due process.  Id.

Like other courts faced with due process challenges to initial bond hearings since Velasco Lopez, this Court will continue to require the government to bear the burden of proof at all section 1226(a) bond hearings.[3]  See, e.g., Banegas v. Decker, 21-Civ-2359, 2021 WL 1852000, at *3 (S.D.N.Y. May 7, 2021) ("[N]either the Circuit's decision in Velasco Lopez nor any other binding appellate authority overrules the 'overwhelming consensus' of courts in this District that the Due Process Clause of the Fifth Amendment requires the Government to bear the burden to justify continued detention of a noncitizen who is detained pursuant to § 1226(a), even absent 'prolonged detention.'"); Reyes v. King, 19-Civ-8674, 2021 WL 3727614, at *7, 7 n.7 (S.D.N.Y. Aug. 20, 2021) (following the "widely-held position" that the government bears

---

[3] Though Velasco Lopez analyzed whether the noncitizen's "ongoing incarceration posed due process concerns at the time" of his habeas petition, some courts in this District have interpreted Velasco Lopez to require "that a court engage in Mathews balancing to determine whether a petitioner's procedural due process rights were violated by an initial hearing under § 1226(a) at which the petitioner bore the burden of proof."  Huanga v. Decker, 599 F. Supp. 3d 131, 139-46 (S.D.N.Y. 2022); see also Doe v. Decker, 21-Civ-5257, 2021 WL 5112624, at *3 n.2 (S.D.N.Y. Nov. 3, 2021) ("In light of [Velasco Lopez] district courts apply the [Mathews] test when analyzing discretionary detentions pending removal pursuant to 1226(a).").

the burden to justify detention and stating that the Velasco Lopez decision "does not alter the analysis"); Quintanilla, 2021 WL 707062, at *3 (joining the "'overwhelming consensus of judges in this District' in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention.").

Placing the burden on B.S. at his initial bond hearing to prove that he was not a flight risk or danger to the community violated his due process rights. Accordingly, he is entitled to a new, constitutionally adequate bond hearing at which the government shall bear the burden to justify his detention by clear and convincing evidence. See Velasco Lopez, 978 F.3d at 855-56 ("[W]e conclude that a clear and convincing evidence standard of proof provides the appropriate level of procedural protection."). It is not necessary for the Court to reach the question of whether an immigration judge is constitutionally required to consider ability to pay and alternative conditions of release when setting bond because BIA precedent appears to require consideration of such factors. See Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) (immigration judges must determine the amount of bond that is "appropriate"); Matter of Urena, 25 I. & N. Dec. 140, 142 (BIA 2009) (when setting bond, the immigration judge should "decide the amount of bond necessary to ensure the [noncitizen's] presence at proceedings to remove him from the United States").

Alternatively, if the Mathews test applies, B.S. would nevertheless prevail because his prolonged detention violates due process. The three Mathews factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail." Mathews, 424 U.S. at 335.  As in Velasco Lopez, B.S.'s private interest in being free from imprisonment "is the most significant liberty interest there is." 978 F.3d at 851-52.  B.S. has been detained for nearly fourteen months, almost the same amount of time as Velasco Lopez.  With respect to the second factor, there is a significant risk of an erroneous deprivation given the difficulties associated with gathering evidence while detained and the fact that the government did not submit any evidence of dangerousness.  (See Petition ¶ 88, Ex. A ¶ 26); see also Velasco Lopez, 978 F.3d at 852-53.  Finally, there is no government or public interest "in the prolonged detention of noncitizens who are neither dangerous nor a risk of flight." Velasco Lopez, 978 F.3d at 854-55.  Accordingly, B.S.'s prolonged detention violated due process and he is entitled to a constitutionally adequate bond hearing.[4]

CONCLUSION

B.S.'s Petition (ECF 1) is GRANTED.  B.S. shall be given a constitutionally adequate bond hearing with twenty-one days of this Order.  At that hearing, the burden shall be on the government to prove by clear and convincing evidence that B.S. is either a flight risk or danger to the community.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        February 13, 2023

---

[4] Because B.S. has prevailed on his due process claim, the Court need not address his APA claim.